# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHET MICHAEL WILSON, on behalf of himself and all others similarly situated,<br><br>　*Plaintiff,*<br><br>v.<br><br>GENERAL AUDIT CORP.,<br><br>　*Defendants.* | Civil Action No. 3:26-cv-00207 |

## DEFENDANT GENERAL AUDIT CORP.'S ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant GENERAL AUDIT CORP. ("Defendant") and files this Answer to Plaintiff's Complaint as follows:

### INTRODUCTION

1. The allegations in Paragraph 1 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies Paragraph 1 as an incomplete and inaccurate statement of law.

2. Defendant admits GENERAL AUDIT CORP. does business as KEYBRIDGE MEDICAL REVENUE CARE. Defendant denies the remainder of Paragraph 2.

### JURISDICTION AND VENUE

3. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 3; therefore, Defendant denies the same.

4. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 4; therefore, Defendant denies the same.

5. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 5; therefore, Defendant denies the same.

## PARTIES

6. Defendant admits Paragraph 6.

7. Defendant admits Paragraph 7.

## TCPA BACKGROUND

8. The allegations in Paragraph 8 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies Paragraph 8 as an incomplete and inaccurate statement of law.

9. The allegations in Paragraph 9 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies Paragraph 9 as an incomplete and inaccurate statement of law.

## FACTUAL ALLEGATIONS

10. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 10; therefore, Defendant denies the same.

11. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 11; therefore, Defendant denies the same.

12. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 12; therefore, Defendant denies the same.

13. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 13; therefore, Defendant denies the same.

14. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 14; therefore, Defendant denies the same.

15. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 15; therefore, Defendant denies the same.

16. Defendant denies Paragraph 16.

17. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 17; therefore, Defendant denies the same.

18. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 18; therefore, Defendant denies the same.

19. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 19; therefore, Defendant denies the same.

20. Defendant denies Paragraph 20 as an incomplete and inaccurate generalization of Defendant's position regarding the letter referenced in Paragraph 20.

## CLASS ACTION ALLEGATIONS

21. Defendant admits that Plaintiff brings this suit as a class action.  Defendant denies that this case is proper for class certification.

22. Defendant admits that Plaintiff brings this suit as a class action.  Defendant denies that this case is proper for class certification.

23. Defendant admits that Plaintiff brings this suit as a class action.  Defendant denies that this case is proper for class certification.

24. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that this case is proper for class certification.

25. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that this case is proper for class certification.

26. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that this case is proper for class certification.

27. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that this case is proper for class certification.

28. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that this case is proper for class certification.

29. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that this case is proper for class certification.

30. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that this case is proper for class certification.

31. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that this case is proper for class certification.

32. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that this case is proper for class certification.

## FIRST CAUSE OF ACTON

33. Defendant reincorporates the preceding paragraphs as if fully set out herein.

34. Defendant denies Paragraph 34.

35. Defendant denies Paragraph 35.

36. Defendant denies Paragraph 36.

## PRAYER FOR RELIEF

37. Defendant denies that Plaintiff is entitled to any of the relief requested.

## DEMAND FOR JURY TRIAL

38. Defendant admits that Plaintiff seeks a trial by jury in this matter.

## AFFIRMATIVE DEFENSES

39. The claims are barred by the applicable statute of limitations.

40. Plaintiff and/or one or more of the purported class members provided express of implied consent.

41. Plaintiff and/or one or more of the purported class members failed to mitigate damages.

42. Plaintiff and/or one or more of the purported class members failed to exercise reasonable care and diligence on his/her own behalf, thereby causing or contributing to his/her alleged injury and damages, if any. Recovery therefore must be reduced or eliminated altogether by the proportion of damage caused by his/her own acts and conduct.

43. To the extent that the Complaint seeks class damages, the aggregated statutory damages, if any, may result in potential ruinous liability for Defendant and may constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

44. The TCPA allows a person to recover actual damages resulting from a violation of the statute or to receive $500.00 per violation, whichever is greater. The TCPA

provides for the trebling of damages if the violation was willful. If, for the sake of argument, a TCPA class was certified and the class contained several thousand people, Defendant's liability to the class could potentially be so great as to result in its insolvency. The due process clause of the Fifth Amendment to the U.S. Constitution prohibits awards that would result in Defendant's insolvency, especially where, as here, the conduct that allegedly violated the TCPA did not cause actual injury or damages to Plaintiff or members of the putative class.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff take nothing herein, that Defendant be dismissed with their costs, and all other and further relief, at law or in equity, to which Defendant may be justly entitled.

Dated: February 18, 2026.               Respectfully submitted,

**Frost Echols LLC**

*/s/ Crystal Duplay*
CRYSTAL M DUPLAY (0084600)
246 W. Liberty St., Ste #2
Medina, OH 44256
Phone: (567) 324-7051
Email: Crystal.Duplay@frostechols.com

COOPER M. WALKER (*Subject to Pro Hac Vice*)
18383 Preston Road, Suite 350
Dallas, TX 75252
Phone: (817) 290-4356
Email: Cooper.Walker@frostechols.com

***COUNSEL FOR DEFENDANT***
***GENERAL AUDIT CORP.***

## CERTIFICATE OF SERVICE

On this day, February 18, 2026 hereby certify that a true and correct copy of the above and foregoing has been forwarded through the **CM/ECF** system to the following recipients:

| | |
|---|---|
| Brian T. Giles | Anthony Paronich |
| Giles & Harper, LLC | Paronich Law, P.C. |
| 7247 Beechmont Ave | 350 Lincoln Street, Suite 2400 |
| Cincinnati, OH 45230 | Hingham, MA 02043 |
| bgiles@gilesharper.com | anthony@paronichlaw.com |

*/s/ Crystal Duplay*
CRYSTAL M DUPLAY (0084600)